AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Western District of Texas

| | | |
|---|---|---|
| League of United Latin American Citizens, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:21-cv-259-DCG-JES-JVB |
| Greg Abbott, et al. | ) | |
| | ) | (If the action is pending in another district, state where: ) |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Dave's Redistricting, LLC
     5063 Harold Place NE, Seattle, WA 98105

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: U.S. Attorney's Office, Western District of Washington<br>700 Stewart Street, Suite 5220<br>Seattle, WA 98101-1271 | Date and Time:<br>08/15/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 07/14/2022

*CLERK OF COURT*

OR

_____          /s/ Daniel J. Freeman
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* the United States of America , who issues or requests this subpoena, are:

Daniel J. Freeman, U.S. Department of Justice, Civil Rights Division, Voting Section, 950 Pennsylvania Ave. NW, 4CON 8th Floor, Washington, D.C. 20530 Email: daniel.freeman@usdoj.gov Phone: 202-305-5451

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:21-cv-259-DCG-JES-JVB

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

Case 2:22-mc-00069-RSL   Document 1-8   Filed 08/12/22   Page 3 of 11

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
     **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GREG ABBOTT, et al.,<br><br>Defendants. | Civil Action No. 3:21-cv-259 (DCG-JES-JVB) (consolidated cases) |

**ATTACHMENT A – SUBPOENA FOR DOCUMENTS AND RECORDS**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to produce to the United States of America the documents and electronically stored information described below in your possession, custody, or control.

**DEFINITIONS AND INSTRUCTIONS**

1. "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Rule 34 of the Federal Rules of Civil Procedure and as the phrase "writings and recordings" is defined in Rule 1001 of the Federal Rules of Evidence and includes, but is not limited to, any computer files, memoranda, notes, letters, emails, printouts, instant messages, ephemeral messages, social media messages, text messages, or databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

2. "Electronically Stored Information" or "ESI" is defined to be synonymous in meaning and scope as the term "electronically stored information" is used under Rule 34 of the

1

Federal Rules of Civil Procedure and refers to any type of information that is created, used, and stored in digital form and accessible by digital means. ESI includes but is not limited to all data, digital documents, or other information contained on any media type, whether hard disk drive, cloud storage, or any other storage technology.

3. "Adam Perry Kincaid" is the President and Executive Director of the National Republican Redistricting Trust. He is associated with at least the following email addresses: adam@fairlines.org; adam@thenrrt.org; akincaid@gop.com; akincaid@rga.org; akincaid@nrcc.org; and kincaidadam@nrcc.org. Mr. Kincaid may also be associated with the following email addresses: adamkincaid@msn.com; akinca4@verizon.net; aakincaid@aol.com; adampkincaid@gmail.com; adam.p.kincaid@gmail.com; apkincaid@gmail.com; adam@gagop.org; apk214@aol.com; and adamkincaid99@yahoo.com. Further, he is associated with the Dave's Redistricting App account that generated the following links: https://davesredistricting.org/join/1fc758d7-8826-466e-90e0-a9a8285229dc; https://davesredistricting.org/join/604c8f53-67bf-4e15-976c-6bd02c86f2d4; and https://davesredistricting.org/join/23e71fbe-75af-4c13-9e0a-6113d9a0482c.

4. "Adam Foltz" is an employee of the Texas Legislative Council. He is associated with the email address adam.foltz_hc@legis.texas.gov. He may also be associated with the following email addresses: foltz@hotmail.com; adam.foltz@legis.wisconsin.gov; adamfoltz@gmail.com; and afoltz@gmail.com.

5. "Jacey Jetton" is a Member of the Texas House of Representatives. He is associated with the email address jacey.jetton@house.texas.gov. He may also be associated with the following email addresses: jaceyjetton@hotmail.com; jjetton@aol.com; jjetton@jacjam.com; jjetton@texasgop.org; markhoppu_s@yahoo.com; and markhoppu_s@address.com.

6. "Related to" means referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

7. In responding to these requests, please produce all responsive documents and ESI in your possession, custody, or control. This means that you must produce all responsive documents and ESI within your actual possession, custody, or control, as well as such documents and ESI which you have the legal right to obtain on demand or the practical ability to obtain from a third party, including but not limited to any and all documents and ESI that you and your counsel or other persons or entities acting or purporting to act on your behalf have actually reviewed.

8. All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position, and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

9. In construing these requests, apply the broadest construction, so as to produce the most comprehensive response. Construe the terms "and" and "or" either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope. Words used in the singular include the plural.

10. Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

11. Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to these requests

should be produced intact with the documents; and documents attached to each other should not be separated.

12. No portion of a request may be left unanswered because an objection is raised to another part of that request. If you object to any portion of a document request, you must state with specificity the grounds of the objection. Any ground not stated will be waived.

13. For any document or ESI withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document and ESI individually and containing all information required by Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure, including a description of the basis of the claimed privilege and all information necessary for the United States to assess the claim of privilege.

14. If you contend that it would be unduly burdensome to obtain and provide all of the documents and ESI called for in response to any request or subsection thereof, then in response to the appropriate request: (a) produce all such documents and ESI as are available without undertaking what you contend to be an unduly burdensome request; (b) describe with particularity the efforts made by you or on your behalf to produce such documents and ESI; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents and ESI would be unduly burdensome.

15. If any requested document or ESI or other potentially relevant document or ESI is subject to destruction under any document retention or destruction program, the documents and ESI should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by court order.

16. In the event that a responsive document or ESI has been destroyed or has passed out of your possession, custody, or control, please provide the following information with respect

to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

17. These requests are continuing in nature. Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response. You must also amend your responses to these requests if you learn that an answer is in some material respect incomplete or incorrect.

18. Unless otherwise specified, all requests concern the period of time from January 1, 2019, to the present.

## **DOCUMENT REQUESTS**

1. All documents and data associated with Adam Perry Kincaid, including but not limited to:

    a. All maps and draft maps of the Texas delegation to the U.S. House of Representatives and the Texas House of Representatives drawn by Mr. Kincaid;

    b. All maps and draft maps of the Texas delegation to the U.S. House of Representatives and the Texas House of Representatives uploaded by Mr. Kincaid;

    c. All maps and draft maps of the Texas delegation to the U.S. House of Representatives and the Texas House of Representatives viewed by Mr. Kincaid;

    d. All data relating to users and other individuals who viewed the maps and draft maps of the Texas delegation to the U.S. House of Representatives and the Texas House of Representatives drawn or uploaded by Mr. Kincaid;

    e. All information and data related to analysis of maps drawn, uploaded, or viewed by Mr. Kincaid, including but not limited to racial data, other demographic data, election data, proportionality data, competitiveness data, minority representation data, and compactness data;

    f. All records, including metadata, related to the use of Dave's Redistricting App by Mr. Kincaid; and

    g. Any other information concerning this user.

2. All documents and data associated with Adam Foltz, including but not limited to:

    a. All maps and draft maps of the Texas delegation to the U.S. House of Representatives and the Texas House of Representatives drawn by Mr. Foltz;

    b. All maps and draft maps of the Texas delegation to the U.S. House of Representatives and the Texas House of Representatives uploaded by Mr. Foltz;

    c. All maps and draft maps of the Texas delegation to the U.S. House of Representatives and the Texas House of Representatives viewed by Mr. Foltz;

    d. All data relating to users and other individuals who viewed the maps and draft maps of the Texas delegation to the U.S. House of Representatives and the Texas House of Representatives drawn or uploaded by Mr. Foltz;

    e. All information and data related to analysis of maps drawn, uploaded, or viewed by Mr. Foltz, including but not limited to racial data, other

        demographic data, election data, proportionality data, competitiveness data, minority representation data, and compactness data;

    f. All records, including metadata, related to the use of Dave's Redistricting App by Mr. Foltz; and

    g. Any other information concerning this user.

3. All documents and data associated with Representative Jacey Jetton, including but not limited to:

    a. All maps and draft maps of the Texas delegation to the U.S. House of Representatives and the Texas House of Representatives drawn by Representative Jetton;

    b. All maps and draft maps of the Texas delegation to the U.S. House of Representatives and the Texas House of Representatives uploaded by Representative Jetton;

    c. All maps and draft maps of the Texas delegation to the U.S. House of Representatives and the Texas House of Representatives viewed by Representative Jetton;

    d. All data relating to users and other individuals who viewed the maps and draft maps of the Texas delegation to the U.S. House of Representatives and the Texas House of Representatives drawn or uploaded by Representative Jetton;

    e. All information and data related to analysis of maps drawn, uploaded, or viewed by Representative Jetton, including but not limited to racial data, other demographic data, election data, proportionality data, competitiveness data, minority representation data, and compactness data;

    f. All records, including metadata, related to the use of Dave's Redistricting App by Representative Jetton; and

    g. Any other information concerning this user.